IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT MCCRAY, :
:
      Plaintiff, :
VS. :
: NO. 7:17-CV-00069-HL-TQL
CATHREN SMITH, :
:
      Defendant. :
_____ :

### ORDER

Presently pending before the Court is the Recast Complaint of *pro se* Plaintiff Robert McCray, an inmate most recently confined at the Thomas County Jail in Thomasville, Georgia. Plaintiff's claims are now ripe for preliminary screening pursuant to 28 U.S.C. § 1915A(a) and § 1915(e). After conducting this review, the Court finds that Plaintiff has failed to state a viable claim upon which relief may be granted. Plaintiff's Recast Complaint is accordingly **DISMISSED without prejudice**.[1]

---

[1] The Court also notes that Plaintiff has failed to pay the initial partial filing fee that was previously ordered. On July 6, 2017, the United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial filing fee of $79.07 within twenty-one (21) days of the date of the order. Plaintiff was advised that if circumstances had changed and he was unable to pay the filing fee, he could alternatively file a renewed motion to proceed *in forma pauperis* explaining the change in circumstances to the Court within twenty-one (21) days. Plaintiff was warned that failure to fully and timely comply with the Court's orders could result in the dismissal of his Complaint. Order, July 6, 2017, ECF No. 6. The dismissal of Plaintiff's claims could also be appropriate for this reason. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

# PRELIMINARY SCREENING

## I.     Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. <u>Factual Allegations and Plaintiff's Claims</u>

The only named Defendant in this case is Cathren Smith, Plaintiff's former public defender. Recast Compl. 5, ECF No. 7. Plaintiff alleges that Defendant Smith is now a prosecutor and that she is "holding [Plaintiff's] past against [him]" because he "got away wit[h] too much in the past." *Id.* Plaintiff states that in 2010, Defendant Smith "forced" him "to take 10 years probation" and would not "sign off" on releasing Plaintiff from probation. *Id.* On May 22, 2016, Plaintiff alleges that Defendant Smith "made" Plaintiff

3

"take a 5 year plea" and told Plaintiff that if he did not take the plea deal she would "take [him] to probation court snatch all my pappers [sic] left and . . . try every charge one by one and give [him] the max on each one of them charges." *Id.* Plaintiff states that these actions show that Defendant Smith has a "personal grudge against" Plaintiff. *Id.* Plaintiff alleges that Defendant's conduct violated his civil rights, and as a result he seeks "conviction over turn, money back, an[d] compensation for pain and suffering." *Id.* at 6.[2]

Construing Plaintiff's allegations liberally, as the Court must at this stage, it appears Plaintiff is claiming that Defendant Smith maliciously prosecuted Plaintiff. The Eleventh Circuit recognizes that a malicious prosecution can be a violation of the Fourth Amendment cognizable under 42 U.S.C. § 1983. *See, e.g., Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003); *see also Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) (noting that a claim for malicious prosecution "is the constitutional tort available to people who have been wrongfully arrested pursuant to legal process"). Plaintiff's malicious prosecution claims fail, however, for at least two independent reasons.

First, to state a claim for malicious prosecution in the Eleventh Circuit, a plaintiff must show a violation of his Fourth Amendment right to be free from unreasonable

---

[2]Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent Plaintiff seeks his release from prison as a remedy for the constitutional violations he alleges, such relief is not available in a Section 1983 case.

4

seizures as well as: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood*, 323 F.3d at 882. In this case, Plaintiff does not allege that any criminal prosecution against him has terminated in his favor. Because Plaintiff has failed to allege an essential element of his claim, Plaintiff's malicious prosecution claims are subject to dismissal.[3]

In addition, Defendant Smith is entitled to immunity in this case. A prosecutor is generally "entitled to absolute immunity for acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State." *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (internal quotation marks omitted). These acts include, but are not limited to, "appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Rehberg v. Paulk,* 611 F.3d 828, 837-38 (11th Cir. 2010). In this case, Plaintiff has alleged only that Defendant

---

[3]In addition, to the extent Plaintiff's criminal prosecution is ongoing, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), would bar Plaintiff's claims. The *Younger* doctrine prevents the Court intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53; *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages). Dismissal of Plaintiff's claims would also likely be appropriate under *Younger*, given the facts alleged by Plaintiff. *See, e.g., Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (collecting cases and noting that claims for injunctive relief are properly dismissed when *Younger* applies, and a stay of any associated damages claim is "not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915")).

5

Smith decided to prosecute Plaintiff for the crimes with which he had been charged. "A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." *Elder v. Athens-Clarke Cnty.*, 54 F.2d 694, 695 (11th Cir. 1995); *see also Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984) (prosecutor is entitled to immunity even when she knowingly uses perjured testimony, files an information without an investigation, files charges without jurisdiction, files a baseless detainer, or threatens a criminal defendant with further prosecution, among other things). Plaintiff's single, conclusory statement that Defendant Smith harbored a "grudge" against him does not demonstrate that Defendant Smith's conduct fell outside her role as an advocate for the State or that she acted outside the territorial jurisdiction of her office. Defendant Smith is therefore also entitled to prosecutorial immunity, and Plaintiff's claims against her are subject to dismissal for this reason.

### III. Conclusion

For the foregoing reasons, Plaintiff's claims must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and § 1915(e) because they fail to state a claim upon which relief may be granted and/or seek monetary relief against a defendant who is immune from such relief.

**SO ORDERED**, this 18th day of January, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**